**LEXINGTON INSURANCE COMPANY, a Delaware corporation, Plaintiff—Appellant,**

v.

**ALLIANZ INSURANCE COMPANY, a California corporation, Defendant—Appellee.**

No. 04–56040.

United States Court of Appeals, Ninth Circuit.

Submission Deferred March 7, 2006.

---

Resubmitted April 13, 2006.*

Decided April 17, 2006.

James L. Wraith, Esq., Sharon R. Lewis, Esq., Selvin Wraith Halman, LLP, Oakland, CA, for Plaintiff–Appellant.

Scott D. Nelson, Esq., Cummings & White, LLP, Newport Beach, CA, for Defendant–Appellee.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Lexington Insurance Company appeals the district court's grant of summary judgment to Allianz Insurance Company on Lexington's equitable contribution claim. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

Equitable contribution in the insurance context is a proper remedy when "several insurers are obligated to indemnify or defend the same loss or claim, and one insurer has paid more than its share of the loss or defended the action without any participation by the others." *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App.4th 1279, 77 Cal.Rptr.2d 296, 303 (1998). To establish a claim for equitable contribution three elements must be satisfied: (1) the insurers must share the same level of obligation, (2) on the same risk, (3) as to the same insured. *Id.* at 304 n. 4. If any one of these elements is not met, the equitable contribution claim must fail. We disagree with the district court's conclusion that the two insurers did not share the same level of obligation; however, we affirm summary judgment for Allianz because Lexington and Allianz did not insure the same risk.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## A. Level of Obligation

■ An insurance policy can be classified as either primary or excess. Primary insurance liability "attaches *immediately* upon the happening of the occurrence that gives rise to liability." *Fireman's Fund*, 77 Cal.Rptr.2d at 311 (citation omitted). Conversely, excess insurance is "coverage whereby, *under the terms of the policy*, liability attaches only after a predetermined amount of primary coverage has been exhausted." *Id.* (citation omitted).

The starting point for interpreting an insurance contract, as with any contract, is its plain language. There is no dispute that Lexington's policy is primary. The plain language of Allianz's policy also suggests that it is primary, and the court below recognized as much. The Allianz policy does not reference another policy that it is excess to, or even that it only provides excess coverage. *See Commerce & Industry Ins. Co. v. Chubb Custom Ins. Co.*, 75 Cal.App.4th 739, 89 Cal.Rptr.2d 415, 419–20 (1999) (finding an insurance policy primary because it "fails to display the indicia of [an excess policy], such as ... specific identification of the primary coverage policy"). In fact, the Allianz policy contains an excess insurance clause of its own, further indicating that it is a primary policy.

In cases such as this, "[w]hen an insurance policy contains clear and unequivocal provisions, the only reasonable expectation to be found is that afforded by the plain language of the terms in the contract.... [R]esort to extrinsic evidence to support a different meaning is not legally permissible." *Travelers Cas. & Surety Co. v. Employers Ins. of Wausau*, 130 Cal.App.4th 99, 29 Cal.Rptr.3d 609, 620 (2005); *see also Commerce & Industry*, 89 Cal.Rptr.2d at 421 ("extrinsic evidence such as ... [a] lease agreement cannot constitute proof of intent unexpressed in the [insurance] policies.").[1] Therefore, we hold that both the Allianz policy and the Lexington policy provide primary coverage.

## B. Risk

California courts separate the risk element of an equitable contribution claim into two distinct concepts: the risk insured and the interest insured. *See Herrick Corp. v. Canadian Ins. Co. of California*, 29 Cal.App.4th 753, 34 Cal.Rptr.2d 844, 849 (1994) (discussing the risk element of equitable contribution and stating the "same injury might underlie each liability, but the legal nature [i.e., interest] of each liability is different."). Both the Allianz policy and the Lexington policy indisputably cover the same risk—fire damage. However, we hold that the interests insured by each policy are not the same.

■ "Different persons may have separate insurable interests in the same property, as, for example, ... a lessor and lessee." *Alexander v. Security–First Nat. Bank of Los Angeles*, 7 Cal.2d 718, 62 P.2d 735, 737 (1936). This is exactly the situation we are faced with in the instant case. Allianz's policy insures the owner's interest in the property, an interest in fee, whereas Lexington's policy insures the tenant's interest in the property, a leasehold interest. Lexington's reliance on

---

**1.** Therefore, the district court erred in looking to the lease agreement to support its conclusion that the Allianz policy is excess to the Lexington policy. Additionally, its reliance on *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 119 Cal.Rptr. 449, 532 P.2d 97 (1975) (in bank), was misplaced. As recognized by the California Court of Appeal, *Rossmoor* was "an action primarily between two *insureds* on a contract for indemnity between the two." *Travelers Cas. & Surety Co. v. Am. Equity Ins. Co.*, 93 Cal.App.4th 1142, 113 Cal.Rptr.2d 613, 624 (2001) (stating that *Rossmoor* is distinguishable, and thus not controlling, in an action between two *insurers* ) (emphasis added).

*Commerce & Industry* to avoid this construction is misplaced, because that case is factually distinguishable. In *Commerce & Industry*, the dispute was between the tenant's insurer and the subtenant's insurer. 89 Cal.Rptr.2d at 417–18. There, each insured had a leasehold interest, whereas in this case one insured has a fee interest and the other has a leasehold interest. Consequently, we hold that the interests insured by the Allianz policy and the Lexington policy are not the same. Because the interests insured are not the same, the risk element of Lexington's equitable contribution claim is not met and we affirm summary judgment for Allianz.

AFFIRMED.

THOMAS, Circuit Judge, dissenting.

I agree with the majority's conclusion that both the Lexington and Allianz insurance policies afforded primary coverage. However, I respectfully disagree with the conclusion that the Lexington and Allianz policies insured completely different interests. The majority, citing *Alexander v. Security–First Nat. Bank of Los Angeles*, 7 Cal.2d 718, 62 P.2d 735, 737 (1936), correctly notes that California law distinguishes between the insurable interests of lessors and lessees. However, it then holds that "Allianz's policy insures the owner's interest in the property, an interest in fee, whereas Lexington's policy insures the tenant's interest in the property, a leasehold interest."

However, Lexington's policy, which insured the lessee, explicitly provided that it insured, as "Additional Insureds ... Any lessor, lessee or other party as required under the terms and conditions of any lease, contract, or agreement entered into by the insured." The lease between the insureds required the lessee to purchase fire insurance "to the extent of at least ninety percent (90%) of the full insurable replacement value thereof on the building in which the demised premises are a part, and the on all fixtures and equipment therein of which Lessor is legal owner." The lease, by its own terms, required the lessee to purchase insurance for the *lessor's* property, thus bringing risk to the lessor's property within the scope of the "Additional Insureds" clause in the Lexington policy.

This is not a case like *Alexander*, in which one policy insured the distinct interests of the lessor and another policy insured the lessee. Rather, both the Lexington and the Allianz policies insured the lessor's property interest against fire damage. Thus, although there were portions of the coverage afforded by the policies that were mutually exclusive; there was one risk covered by both policies. Therefore, as to that risk, the Lexington and Allianz policies meet the requirements for equitable contribution in California because they (1) share the same level of obligation, (2) on the same risk, (3) as to the same insured, *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 77 Cal.Rptr.2d at 304 n. 4 (1998). Of course, the level of contribution would have to be equitably allocated by the district court. I would vacate the judgment and remand for the district court to make that determination.